This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          NO. 32,220

**ROBERTO VILLALOBOS-PINADA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Samuel L. Winder, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Santa Fe, NM
Sergio J. Viscoli, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

Defendant appeals his conviction in metropolitan court for aggravated driving while intoxicated (DWI). We proposed to affirm in a notice of proposed summary disposition, and Defendant has filed a memorandum in opposition. Having considered the arguments raised by Defendant in his memorandum and remaining unpersuaded, we affirm his conviction.

In his docketing statement, Defendant raised two issues. First, he claimed that the metropolitan (trial) court should have suppressed all of the evidence because his arrest was not supported by probable cause. [DS 5] Second, he claimed that he was entitled to a directed verdict on the aggravated DWI charge because he did not refuse to undergo the breath alcohol test. [DS 5] In our notice, we reviewed the evidence in support of the arrest and the evidence indicating that Defendant refused to undergo the breath alcohol test. [RP 82-83; DS 2-4]

In his memorandum in opposition, Defendant sets out the evidence we reviewed in our notice. [MIO 1-3] He then reiterates his argument that the officer lacked probable cause to arrest him because, in addition to the evidence suggesting Defendant was intoxicated, there was some other evidence suggesting that Defendant was not intoxicated. [MIO 5] For example, Defendant notes that, although he exhibited some signs of intoxication, he had no trouble handing his driving documents to the arresting

officer. [MIO 5] He further notes that although he stumbled, he did not fall down. [MIO 5] As to his refusal to undergo the breath test, Defendant contends that there could be an alternative explanation for his use of curse words and that his repeated response of "fuck you" or a related obscenity every time he was asked to perform the breath test could be interpreted as something other than a refusal to take the test. [MIO 6-7]

We construe Defendant's observations and arguments in his memorandum in opposition as an invitation to reweigh the evidence. [MIO 5-7] This we will not do. *See State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789 (stating that we do not weigh the evidence or substitute our judgment for that of the fact finder "as long as there is sufficient evidence to support the verdict"), *abrogated on other grounds as recognized by Kersey v. Hatch*, 2010-NMSC-020, ¶ 17, 148 N.M. 381, 237 P.3d 683; *cf. State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (stating that the fact finder is free to reject the defendant's version of the facts and further noting that we may disregard the evidence in favor of acquittal when considering sufficiency).

Therefore, for the reasons discussed above and those set forth in our notice of proposed summary disposition, we affirm Defendant's conviction for aggravated DWI.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**

_____
**TIMOTHY L. GARCIA, Judge**

_____
**J. MILES HANISEE, Judge**

4